IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARREN KEYS, #33000-037
Petitioner                                          :

v.                                                  :        Civil Action No.  CCB-06-0124
                                                             Criminal Action No. CCB-98-0144
UNITED STATES OF AMERICA            :
Respondent

. . . .o0o. . . .

**MEMORANDUM**

Before the court is a pro se petition for writ of mandamus by Darren Keys seeking an order "compelling Assistant U.S. Attorney Harvey Eisenberg to perform 'Specific Performance' or allow Keys to Withdraw his plea."[1]  The petition will be denied for the reasons that follow.

Mandamus is an extraordinary remedy available in cases where there are no other adequate means by which the relief sought could be granted.  See Kerr v. United States Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987).[2]  By attacking the plea agreement, this pleading is, in essence, a challenge to petitioner's conviction and sentence.  As such, the claims are properly presented in a 28 U.S.C. § 2255

---

[1] The court sentenced petitioner to twenty-seven months incarceration and three years supervised release after he pleaded guilty to fraudulent use of an unauthorized access device in violation of 18 U.S.C. §1029 (a)(2).  See United States v. Keys, Criminal Action No. CCB-98-0144 (D. Md.). While on supervised release, petitioner was convicted in the United States District Court for the Middle District of Florida of conspiracy to commit an offense or to defraud the United States in violation of 18 U.S.C. §371 and related offenses. On July 2, 2003, petitioner appeared before this court and admitted to committing a felony while on supervised release; i.e., conspiracy to commit an offense or to defraud the United States in violation of 18 U.S.C. §371. The court revoked petitioner's supervised release and imposed a sentence of eighteen months imprisonment followed by a new term of twelve months supervised release. Keys challenged the sentence imposed for violating his supervised release. The Fourth Circuit affirmed the sentence on appeal. See  United States v. Keys, 96 Fed. Appx. 882 (4th Cir. 2004) (unpublished).

[2] In order to obtain madamus relief, a petitioner must also demonstrate a clear legal right to the relief and respondent's a clear legal duty to perform the act.  See In re First Fed. Savings and Loan Ass'n of Durham, 860 F.2d 135, 138 (4th Cir.1988).

motion.[3] See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). Petitioner neither alleges nor demonstrates the remedy provided by § 2255 is inadequate or ineffective. Accordingly, petitioner has failed to sustain his burden to show there are no other adequate means by which relief is available. Mandamus relief is unwarranted, and the petition will be denied by separate order.

January 25, 2006                              /s/
Date                                    Catherine C. Blake
                                        United States District Judge

---

[3] The court will direct the Clerk to mail to petitioner a § 2255 information packet. A one-year period of limitations applies to 28 U.S.C. § 2255 petitions. Further, a § 2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. See Vial, 115 F.3d at 1194 n. 5.